FILED
OCT 0 8 2006
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                          ] Case No. 04-52699-ASW
                                               ]
DANIEL N. HOFFMAN,                             ] Chapter 13
                                               ]
                    Debtor                     ]
_____]

MEMORANDUM DECISION REGARDING REQUEST FOR
ATTORNEYS FEES UNDER BANKRUPTCY CODE SECTION 506(b)

Before the Court is a motion by secured creditor The Vineyard of Saratoga ("Creditor") for allowance of post-petition attorney's fees pursuant to Bankruptcy Code § 506(b). In its motion, Creditor requests an allowance of $21,365.29[1] in attorney's fees and costs. Debtor objects to the reasonableness of the requested fees.

Debtor is represented by Stanley A. Zlotoff, Esq. Creditor is represented by Evelynn N. Tran, Esq. of McGrane Greenfield LLP. The matter has been submitted on the papers after a hearing on the motion.

---

[1] The summary of fees and costs listed on the first page of Exhibit B to the declaration of Brian J. Hannon in support of Creditor's motion plus the alleged fees incurred in filing this motion actually total $21,265.29.

This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.

FACTS

Debtor filed his Chapter 13 petition on April 29, 2004. At the time Debtor filed his petition, Debtor owned property located at 19403 Vineyard Lane, Saratoga, California (the "Property"). Debtor's schedules value the Property at $475,000 and list a first deed of trust in the amount of $97,000. The Property is also subject to a Restated Declaration of Covenants, Conditions and Restrictions of The Vineyards of Saratoga ("CC&Rs"). The CC&Rs give Creditor the authority to levy and collect both regular and special assessments. Monthly assessments are approximately $600.

Pre-petition, Debtor had not been current with his assessment payments since 1999. In September 2003, Creditor retained Allied Trust Services, Inc. ("Allied Trust") to pursue collection. Allied Trust recorded a Notice of Default with the Santa Clara County Recorder's Office on December 4, 2003.

On July 13, 2004, Creditor filed a proof of claim asserting a secured claim of $29,219.79. On September 8, 2004, Creditor's counsel filed another proof of claim in the amount of $29,141.43 and withdrew that claim on April 8, 2005. Debtor has not objected to Creditor's claim. Creditor incurred $212.50 in fees preparing the second proof of claim and the withdrawal.

On May 4, 2004, Debtor filed a chapter 13 plan that, <u>inter alia</u>, provided a $475,000 value of the Property, estimated arrears

to Creditor of $22,000 with a minimum monthly payment of $150, provided for an increase in the monthly plan payments from $350 to $550 after 24 months, and provided for ongoing monthly assessment payments of $580 to Creditor. Creditor filed an 11-page objection to confirmation asserting that the proposed plan: (i) violated the best interest of creditors test since unsecured creditors would not be paid in full; (ii) was not feasible because the proposed payments did not provide sufficient funds to pay the scheduled unsecured claims and there was no basis for a $200 increase in monthly plan payments since Debtor was retired and the homeowners association dues would increase over time; (iii) failed to provide interest payments on the delayed payment of Creditor's arrears; (iv) was not filed in good faith because amounts owed to taxing authorities were not disclosed, Debtor had a history of filing bankruptcy petitions, and this case was filed only after Debtor lost a hearing for a preliminary injunction to prevent Creditor from foreclosing on the Property; and (v) failed to provide for increases in the monthly assessment amount.

On June 10, 2004, Debtor filed a first amended chapter 13 plan that treated Creditor in the same manner as the initial plan. Creditor filed a 9-page objection to confirmation asserting that the proposed plan: (i) violated the best interest of creditors; (ii) was not feasible; (iii) failed to provide interest payments on the delayed payment of Creditor's arrears; (iv) was not filed in good faith; (v) inaccurately listed the amount of arrears since the amount did not include collection fees and costs; and (vi) failed to provide for increases in the monthly assessment amount.

On December 29, 2004, Debtor filed a chapter 13 plan that,

inter alia, provided a $475,000 value of the Property, estimated arrears to Creditor of $29,141.43 with a minimum monthly payment of $150, and provided for ongoing monthly assessment payments of $580 to Creditor. Creditor filed a 9-page objection to confirmation asserting that the proposed plan: (i) failed to provide interest payments on the delayed payment of Creditor's arrears; (ii) violated section 1322(d) since the plan provided for payments over 36 months but the sale or refinance of the Property would occur 36 months after confirmation; (iii) vests the Property in Debtor after confirmation -- but Creditor asserted that the chapter 13 trustee should retain jurisdiction over the Property until it is sold or refinanced; (iv) did not state accurately the monthly assessments that were $585 and failed to provide for increases in the monthly assessment amount; and (v) was not filed in good faith.

Debtor's second amended plan was confirmed with oral amendments read into the record at a hearing on January 10, 2005. An order confirming Debtor's second amended plan was entered on January 31, 2005, and an amended order confirming plan was entered on February 9, 2005. The amended order changed the language regarding the oral amendments from:

> PER JUDGE WEISSBRODT'S ORAL ORDER THE PLAN IS AMENDED TO INCREASE THE INTEREST TO VINEYARDS OF SARATOGA HOA IN SECTION 2(b) TO 10%. PAYMENT TO VINEYARDS OF SARATOGA IN SECTION 4 SHALL INCREASE TO $585.00. THE BALANCE OF THE PLAN SHALL BE PAID THROUGH SALE/REFINANCE NO LATER THAN 6/30/06.

to:

> PER JUDGE WEISSBRODT'S ORAL ORDER THE PLAN IS AMENDED TO INCREASE THE INTEREST TO VINEYARDS OF SARATOGA HOA IN SECTION 2(b) TO 10%. PAYMENT TO VINEYARDS OF SARATOGA IN SECTION 4 SHALL INCREASE TO $585.00. THERE IS ALSO AN UNDERSTANDING THAT THE HOMEOWNER'S ASSOCIATION REVIEWS,

ADJUST [sic], PURSUANT TO THE WORKINGS OF THE HOMEOWNER'S ASSOCIATION. AS THAT AMOUNT ADJUSTS, THAT ADJUSTED AMOUNT SHALL BECOME DUE AND PAYABLE BY THE DEBTOR. THE BALANCE OF THE PLAN SHALL BE PAID THOUGH [sic] SALE/REFINANCE NO LATER THAN 6/30/06.

Creditor asserts Debtor repudiated his confirmed plan at a July 15, 2005 deposition taken in a state court action. On October 25, 2005, Creditor brought a motion for relief from stay and alternative motion to dismiss or convert based on Debtor's failure to pay fully post-petition assessments for February 2005 through October 2005 and Debtor's alleged repudiation of his plan. On November 8, 2005, Debtor filed an opposition to the motion asserting that Debtor cured the defaults on November 4 and accused Creditor of violating the automatic stay by taking Debtor's deposition in July. Creditor's counsel filed a reply to the opposition.

At the November 22 hearing on the motion for relief from stay, Creditor accepted the tendered payment to cure the post-petition defaults and withdrew its motion on condition that Creditor could restore its motion on 10-days notice should Debtor default again. An order granting the request was entered on January 17, 2006.

The Court cannot determine the amount of fees requested by Creditor that relate to the three objections to confirmation, amending the confirmation order, or Creditor's motion for relief from stay because Creditor has lumped its time entries, redacted certain information from its time entries, and failed to specify those time entries for which it does not request fees.

On May 1, 2006, Creditor filed its motion for allowance of its post-petition attorney's fees. Creditor states it has incurred $4,791.25 in fees preparing of this motion. Those fees do not

include any sums for preparing the reply to Debtor's opposition. In all, Creditor requests $21,365.29 in fees and costs in its motion.

II.

ANALYSIS

Bankruptcy Code section 506(b)[2] provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

For a party to recover attorney's fees under that section, four elements need to be met: (1) the creditor must have an allowed secured claim; (2) the creditor must be oversecured; (3) the fees must be reasonable under the circumstances; and (4) the fees must be provided for under the agreement. In re Salazar, 82 B.R. 538, 540 (9th Cir. BAP 1987). "[W]hen fees are provided for in the underlying agreement, and when the creditor is oversecured, allowance of the attorney's fees is mandatory." In re Dalessio, 74 B.R. 721, 723 (9th Cir. BAP 1987). The only element in dispute between the parties is the reasonableness of the requested fees.

In determining reasonableness, Dalessio states that:

> [t]he key determinant is whether the creditor incurred expenses and fees that fall within the scope of the fees provision in the agreement, and took the kinds of actions that similarly situated creditors might reasonably conclude should be taken, or whether such actions and fees were so clearly outside the range as to be deemed unreasonable. The bankruptcy court should inquire whether, considering all relevant factors including duplication, the creditor

---

[2] Because Debtor's bankruptcy petition was filed prior to October 17, 2005, the quoted version of section 506(b) is the version in effect when Debtor's case was filed.

reasonably believed that the services employed were necessary to protect his interests in the debtor's property.

Dalessio, 74 B.R. at 723 (citation omitted).

> The reasonableness requirement in Section 506(b) was intended to prevent creditors from "fail[ing] to exercise restraint in the attorney's fees and expenses they incur, perhaps exhibiting excessive caution, overzealous advocacy, and hyperactive legal efforts." If proper restraint is not exercised, the costs of any "overlawyering" should be borne by Creditor, rather than Debtors.

In re Staggie, 255 B.R. 48, 54 (Bankr. D. Idaho 2000) (citations omitted). "The attorney applying for fees bears the burden of proving the reasonableness of those fees, which can only be done by presentation of carefully detailed applications and supporting documentation." Dalessio, 74 B.R. at 724.

The Court has three issues regarding Creditor's motion that impact the Court's ability to determine the reasonableness of the requested fees. First, Creditor requests an award of $21,365.29 in fees and costs. Based on the summary chart at the beginning of Exhibit B to Mr. Hannon's declaration supporting this motion, Creditor has reduced the hours expended by Evelynn Tran in this matter by 9.35 hours. However, the invoices attached to the declaration do not indicate which time entries of Ms. Tran comprise this reduction. The total fees charged in the attached invoices is $21,051.25. If the full amount of the costs are added to those fees, the total of fees and costs reflected is $23,452.79. This number exceeds the fees and costs requested in Creditor's motion by $2,088.50. Without further information from Creditor, the Court cannot determine which of Ms. Tran's time entries are not included in Creditor's motion.

Second, it appears that Creditor has redacted parts of numerous

time entries attached to the motion. For example, on the first invoice dated July 6, 2004, the time entry for Brian Hannon on June 4, 2004 is missing the description of the subject of his meeting with Ms. Tran. Likewise, Ms. Tran's entry for the same day is missing the description of the subject of her research and her Pacer research. Similar redactions can be found on the June 10, 2004 entry for Mr. Hannon and the June 11, 2004 entries for Mr. Hannon and Ms. Tran. The Court has reviewed the invoices included in Exhibit B to Mr. Hannon's declaration supporting this motion and has determined that the entries with a missing or inadequate description total $7,327.50 in fees. A list of those entries is attached as Exhibit A to this Memorandum Decision.

The Court is concerned that the time entries with redacted information may relate to fees that are not reasonable. For example, there is a time entry for Ms. Tran dated September 30, 2005 for "[b]egin motion for Rule 11 sanctions." While there is no charge for this particular entry, fees related to any Rule 11 motion might well not be reasonable in this case.

Third, Creditor's time entries occasionally lump activities related to more than one activity on the same day and the Court cannot determine the amount of time spent on various matters. For example, on the first invoice dated July 6, 2004, the time entry for Ms. Tran on June 14, 2004 states that Ms. Tran spent 1.3 hours appearing at the meeting of creditors and editing Creditor's first objection to confirmation. Without Creditor separating out the amount of time spent on each activity, the Court cannot determine if the time spent appearing at the meeting of creditors and objecting to Debtor's plan was reasonable.

Creditor has spent more than $21,000 in attorney's fees and costs protecting its extremely oversecured claim -- Creditor had an equity cushion of over $300,000 when the petition was filed and has monthly assessments of approximately $600. Given Creditor's comfortably oversecured position, Creditor was never truly at risk of not being paid in full. However, the Court also notes that Debtor has been difficult in this case and had not kept current with his dues for several years before the case was filed and Creditor had a right to protect itself. The Court currently is unable to rule on Creditor's motion without additional information.

The Court notes, however, certain time entries that, if Creditor is including in its motion, would be unreasonable. First, Creditor seeks $212.50 in attorneys fees for preparing a duplicate proof of claim to that filed by the client and its subsequent withdrawal. Those fees are not necessary to protect Creditor and Debtor should not have to pay them. Additionally, Creditor claims it spent approximately $14,100 protecting its claim and nearly $4,800, or over 34% of the original fees, preparing this motion to collect them. The nearly $4,800 in fees for this motion appear excessive, especially in light of the fact that Creditor was protecting a claim of less than $30,000 and that the information provided to the Court is inadequate for the Court to rule on Creditor's motion. Eight hours of Ms. Tran's time at her billing rate of $250 per hour (a reasonable billing rate for an attorney with her experience) would be a reasonable amount of time to prepare this motion.

## III.

### CONCLUSION

For the reasons set forth above, the Court disallows all fees requested by Creditor without prejudice to Creditor moving for those fees again after providing additional information to support the reasonableness of those fees. Should Creditor file additional papers, the Court requests that Creditor separately set forth the amount of fees sought with respect to each of the following categories: (1) Creditor's first objection to confirmation; (2) Creditor's second objection to confirmation; (3) Creditor's third objection to confirmation; (4) amending the confirmation order; (5) Creditor's motion for relief from stay and, alternatively, to dismiss or convert; and (6) Creditor's section 506(b) motion.

Dated: 10/8/06

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

| Date | Timekeeper | Hours | Amount |
|---|---|---|---|
| 6/4/04 | BJH | 0.30 | $105.00 |
| 6/4/04 | ENT | 1.50 | $375.00 |
| 6/10/04 | BJH | 1.00 | $350.00 |
| 6/11/04 | ENT | 0.20 | $50.00 |
| 6/11/04 | BJH | 1.30 | $455.00 |
| 6/14/04 | BJH | N/A | $105.00 |
| 7/8/04 | BJH | 0.10 | $35.00 |
| 7/8/04 | ENT | 0.56 | $140.00 |
| 7/23/04 | ENT | 0.20 | $50.00 |
| 7/26/04 | ENT | 0.15 | $37.50 |
| 7/29/04 | ENT | 1.00 | $250.00 |
| 7/30/04 | ENT | 0.50 | $125.00 |
| 8/2/04 | ENT | 0.35 | $87.50 |
| 8/3/04 | ENT | 0.25 | $62.50 |
| 8/23/04 | ENT | 0.30 | $75.00 |
| 9/1/04 | ENT | 0.50 | $125.00 |
| 9/15/04 | ENT | 0.20 | $50.00 |
| 1/3/05 | ENT | 0.40 | $100.00 |
| 1/5/05 | ENT | 2.00 | $500.00 |
| 1/7/05 | ENT | 0.15 | $37.50 |
| 1/10/05 | ENT | 1.00 | $250.00 |
| 1/11/05 | ENT | 0.25 | $62.50 |
| 2/2/05 | ENT | 0.67 | $167.50 |
| 2/4/05 | ENT | 1.00 | $250.00 |
| 2/7/05 | ENT | 0.20 | $50.00 |
| 3/7/05 | ENT | 0.40 | $100.00 |
| 3/8/05 | ENT | 0.28 | $70.00 |
| 3/9/05 | ENT | 0.50 | $125.00 |
| 3/11/05 | ENT | 0.30 | $75.00 |
| 3/21/05 | ENT | 0.30 | $75.00 |
| 4/7/05 | ENT | 0.40 | $100.00 |
| 7/18/05 | ENT | 0.30 | $75.00 |
| 9/6/05 | ENT | 0.70 | $175.00 |
| 9/7/05 | MEG | 0.50 | $150.00 |

continued on pg 12

| | | | |
|---|---|---|---|
| 9/26/05 | ENT | 0.20 | $50.00 |
| 9/29/05 | ENT | 1.20 | $300.00 |
| 9/30/05 | BJH | 0.25 | $87.50 |
| 10/14/05 | ENT | 1.20 | $300.00 |
| 11/8/05 | ENT | 0.20 | $50.00 |
| 11/9/05 | ENT | 0.60 | $150.00 |
| 11/14/05 | ENT | 2.00 | $500.00 |
| 11/15/05 | ENT | 1.00 | $250.00 |
| 2/22/06 | ENT | 1.20 | $300.00 |
| 3/8/06 | ENT | <u>2.00</u> | <u>$500.00</u> |
| Total | | 27.61 | $7,327.50 |

Court Service List

Stanley A. Zlotoff, Esq.
Law Offices of Stanley A. Zlotoff
300 S 1st St. #215
San Jose, CA 95113

Marcia E. Gerston, Esq.
McGrane Greenfield
40 South Market Street, Seventh Floor
San Jose, CA 95113

Devin Derham-Burk
P.O. Box 50013
San Jose, CA 95150-0013

Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004